IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-02390-PAB

ZURICH AMERICAN INSURANCE COMPANY and
AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY, as subrogees of
Scott Transport, LLC,

    Plaintiffs,

v.

ADRIAN AVILA and
WEST PROLINE LOGISTIC, INC.,

    Defendants.

## ORDER TO SHOW CAUSE

    The Court takes up this matter *sua sponte* on plaintiffs' complaint [Docket No. 1]. Plaintiffs state that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 6.

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is

irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiffs assert that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The facts presently alleged are insufficient to establish the parties' citizenship.

Plaintiffs state that American Empire Surplus Lines Insurance Company "is a Delaware entity with its principal place of business in Cincinnati, Ohio." Docket No. 1 at 2, ¶ 2. They further allege that defendant Adrian Avila "is a resident of Las Vegas, Clark County, Nevada." *Id.*, ¶ 3. These allegations are insufficient to establish the Court's jurisdiction for two reasons. First, plaintiffs do not specify what type of "entity" American Empire Surplus Lines Insurance Company is. This information is critical to the Court's jurisdictional analysis because, while a corporation is deemed to be a citizen of "every State and foreign state by which it has been incorporated and of the State or

2

foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), the citizenship of other business entities is determined differently.  For example, the citizenship of a limited liability company is determined by the citizenship of all of its members.  *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015).

Second, the residency of defendant Avila does not establish his citizenship for purposes of diversity jurisdiction.  Domicile, not residency or mailing address, is determinative of citizenship.  *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)).

Because plaintiffs' allegations are presently insufficient to allow the Court to determine the citizenship of the parties or whether the Court has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted), it is

**ORDERED** that, on or before **5:00 p.m.** on **October 17, 2018**, plaintiffs shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED October 2, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge